## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SANDRA DESCHAMPS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.:** |
| **v.** | : | |
| | : | |
| **ULTA SALON, COSMETICS &** | : | **December 9, 2021** |
| **FRAGRANCE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**NOTICE OF REMOVAL**</u>

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Ulta Salon, Cosmetics & Fragrance, Inc., ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332 (diversity jurisdiction), 1441, and 1446 and removes this action from the State of Connecticut Superior Court, Judicial District of Hartford, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

1.      By Summons and Complaint, Plaintiff Sandra Deschamps ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court titled *Sanda Deschamps v. Ulta Salon, Cosmetics & Fragrance, Inc.,* Docket No. HHD-CV21-6149445-S  (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on Defendant is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

2.      This Notice of Removal is being filed within 30 days of the date Defendant was served with a copy of the Complaint in the Superior Court Action.  28 U.S.C. § 1446(b).

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      The Summons and Complaint state that Plaintiff is, and was at all times relevant to this removal, a citizen of the State of Connecticut.

5.      Defendant is a corporation, incorporated under the laws of Delaware, and its principal place of business is located in Bolingbrook, Illinois.

6.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

7.      Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Hartford.  28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

THE DEFENDANT,
ULTA SALON, COSMETICS & FRAGRANCE,
INC.

*/s/ Lori B. Alexander*
Lori B. Alexander (ct08970)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
lalexander@littler.com
lrinehart@littler.com

2.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of his filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Lori B. Alexander*
Lori B. Alexander

EXHIBIT  A



**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. | STATE OF CONNECTICUT **SUPERIOR COURT** *www.jud.ct.gov* |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street; Hartford, CT  06106 | ( 860 ) 548 – 2700 | 12/14/2021 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | Hartford | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT  06111 | 052654 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 667 – 0839 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: DESCHAMPS, Sandra<br>Address: 36 Delmar Drive; Bristol, CT  06010 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: ULTA SALON, COSMETICS & FRAGRANCE, INC.; 1053 Silas Deane Highway; Wethersfield, CT  06109<br>Address: Agent:  Corporation Service Company; 100 Pearl Street; 17th Floor; MC-CSC1; Hartford, CT  06103 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 11-10-2021 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing James V. Sabatini, Esquire |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |

**RETURN DATE:   December 14, 2021**

| | | |
|---|---|---|
| **SANDRA DESCHAMPS** | : | **SUPERIOR COURT** |
| **VS.** | : | **HARTFORD JUDICIAL DISTRICT** |
| **ULTA SALON, COSMETICS & FRAGRANCE, INC.** | : | **NOVEMBER 10, 2021** |

## <u>COMPLAINT</u>

1.     Plaintiff Sandra Deschamps was and is a Connecticut citizen residing in the City of Bristol.

2.     Defendant ULTA Salon, Cosmetics & Fragrance, Inc. was and is a Delaware corporation with a principal place of business located at 1000 Remington Boulevard, Illinois 60440.

3.     Defendant owns and operates ULTA retail stores.

4.     Defendant ULTA owns and operates ULTA retail stores in the State of Connecticut including the store number 1440 located at 1053 Silas Deane Highway, Wethersfield, Connecticut 06109.

5.     Defendant employs 50 or more employees within a 75 mile radius of store number 1440.

6.     Defendant employed plaintiff.

7.     Defendant hired plaintiff on or about June 18, 2018.

8.     Plaintiff's job title at time of hire was Prestige Sales Manager.

9.     Defendant employs Amy Levinson.

10.     Levinson is a general manager.

1

11. Defendant employs Dawn Lamothe.

12. Lamothe is a district manager.

13. Defendant employs Alyssa Chretien.

14. Chretien is a loss prevention manager.

15. Plaintiff worked at the Wethersfield.

16. Plaintiff held a full-time position.

17. From September 2019 through March 2020, plaintiff was the interim store general manager.

18. In 2020, defendant discussed transferring plaintiff to the Plainville Store as a general manager because the general manager there would be going to the new store that's opening in the Westfarms mall area. The discussion involved transferring plaintiff during the late summer early fall 2020.

19. Lamothe told plaintiff that she was not given Wethersfield store general manager because: "good bad or in different I feel like it's not a good idea to promote with in the store to a general manager".

20. In 2020, the Wethersfield ULTA store was subjected to a series of thefts.

21. The thefts started off with just women robbing then store. Then, men were also participating in the thefts.

22. The thieves were very brazen. They would take bags or store baskets, fill them with high-end fragrances and leave.

23. The thieves pepper sprayed plaintiff and another manager.

24. The series of thefts left plaintiff and other store employees fearful for their safety and the safety of the customers.

2

25.     A customer had overhead one of plaintiff's co-workers speaking to the police and telling the police that these thefts were happening often and that they were afraid.

26.     The customer then wrote a letter to defendant's CEO stating that she what she had overheard and asking why the company could not do more for their employees.

27.     The CEO's response was: why did the store employee allow a customer to overhear her conversation with law enforcement.

28.     The new general manager witnessed one of the thefts and expressed how she was afraid by how the robber looked at her.

29.     Law enforcement instructed plaintiff and her staff to not attempt to stop the thieves.

30.     Incredibly, defendant told plaintiff and her staff that they needed to step up and protect the store.

31.     Defendant refused to hire a security guard to protect their employees and the store.

32.     Plaintiff was afraid to go to work because of the robberies.

33.     The robberies caused plaintiff to suffer emotional distress.

34.     Plaintiff has a history of post-traumatic stress disorder (PTSD).

35.     The PTSD is a disability within the meaning of the CFEPA.

36.     The robberies exacerbated plaintiff's PTSD and triggered PTSD-related anxiety.

37.     Defendant disciplined plaintiff for allegedly not writing up a loss prevention report on time.

38.     On Tuesday July 28th, 2020, before the write up was completed, Dawn Lamothe, District Manager and Amy Levinson came into the store for the first meeting after announcing

that Levinson was going to be the new General Manager and would be doing double duty between plaintiff's store and Levinson's own store (the Ulta Beauty Meriden location that would be closing mid-September).

39.    Lamothe spoke to plaintiff about the one particular theft and not about being written up for it.

40.    Lamothe stated that all the information entered in the Loss Prevention report needed to be done within 24 hours for it to be considered a loss to the company as theft, or it will go against our shrink numbers.

41.    Both Levinson and plaintiff were unaware of the 24 hour deadline.

42.    Plaintiff reasonably believed that once you started the report it would have been considered theft and that there was a 48 hour time frame to inform loss prevention of the theft.

43.    Plaintiff's write up stated that she should have called the police.

44.    In an email, defendant stated that the police could be called if the staff was 100% sure that the same individuals were involved in the thefts.

45.    Defendant has documented guidelines.

46.    One of the guidelines states that the loss prevention report should be done with 48 hours.

47.    Another guideline states that the employee is to call the area loss prevention manager to get permission to call the police.

48.    Plaintiff stayed later on Saturday 7/25/2020 to do the loss report.

49.    Plaintiff was having issues with the report and the other manager that was there, Rosa Rivera, said that she was going to do an inventory adjustment for the products stolen that night.

50.     Rivera was unable to start the inventory adjustment.

51.     Saturdays are the end of our work week and defendant did not allow employees to go over 40 hours.

52.     Defendant wrote up employees for going over hours.

53.     Plaintiff would have to call to get permission to go over 40 hours from her District Manager, Dawn Lamothe.

54.     The store would be frequently short staffed due to employee call outs and the furlough of staff due to the COVID-19 pandemic.

55.     Levinson remarked that she thought one of the robbers had a gun.

56.     Plaintiff pleaded with defendant to provide help to prevent further robberies.

57.     Defendant did not provide help.

58.     On or about September 17, 2020, plaintiff took a medical leave of absence.

59.     She had to take the medical leave of absence because of the trauma from the series of robberies and the fear of future robberies.

60.     Defendant was notified of the reasons for plaintiff taking the medical leave of absence.

61.     Defendant appeared to have little regard for the safety of their store employees and rarely asked the employees if they were okay following a theft.

62.     On or about November 1, 2020, a new job position called Service Manager became available.

63.     Plaintiff was qualified for the Service Manager position.

64.     Because of defendant's issuance of the discipline, plaintiff was told that she was ineligible for the Service Manager position.   Plaintiff would have sought the position if she was told she eligible for it.

65.     The discipline was unwarranted.

66.     Plaintiff was medically cleared to return to work on or about January 4, 2021.

67.     Complainant can perform the essential functions of the job.

68.     Defendant terminated plaintiff's employment on or about October 31, 2020.

69.     Any and all explanations to be offered by the defendant to explain the termination decision would be a pretext to mask unlawful discrimination and/or retaliation.

70.     Plaintiff filed charges against the defendant with the Connecticut Commission of Human Rights and Opportunities (CHRO) on or about March 22, 2021.

71.     Plaintiff received a Release of Jurisdiction from the CHRO on or about August 23, 2021. (Ex.1)

### FIRST COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.     Plaintiff repeats the allegations in paragraphs 1 through 71 above as if fully incorporated herein.

72.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq*. in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of her disability;

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

6

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of her disability;

(e)     In that defendant intentionally discriminated against the plaintiff.

73.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

74.     As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

75.     As a further result of defendant's discrimination and termination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

76.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SECOND COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

1.     Plaintiff repeats the allegations in paragraphs 1 through 76 above as if fully incorporated herein.

77.     Defendant, by and through its agents and/or employees violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)     In that defendant failed to accommodate plaintiff's disability;

(b)    In that defendant failed to engage in good faith with the reasonable accommodation interactive process.

78.    As a direct and proximate result of defendant's failure to accommodate, plaintiff has been deprived of income, wages, and benefits.

79.    As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

80.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## **THIRD COUNT**
### **(Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(1))**

1.    Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

81.    Defendant, by and through its agents and/or employees violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(b)(1) *et seq.* in one or more of the following ways.

a.    In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

82.    As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered harms and losses including: loss of employment, loss of income and wages and benefits, and harm to her personal and professional reputation.

8

83.     As a further result of defendant's retaliatory conduct, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

84.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

## FOURTH COUNT
### (Wrongful Discharge in Violation of Important Public Policy)

1.     Plaintiff repeats and re-alleges the allegations set forth in the above Paragraphs as though fully set forth herein.

85.     C.G.S. §31-49 sets forth the following public policy: "it shall be the duty of the master to exercise reasonable care to provide for his servant a reasonably safe place in which to work." 17.

86.     C.G.S. §31-370 sets forth the following Connecticut public policy: "[e]ach employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees."

87.     Defendant failed to provide plaintiff with a reasonably safe workplace.

88.     Plaintiff notified defendant that the workplace was not safe.

89.     Defendant failed to take responsible measures to have a reasonably safe workplace.

90.     Defendant's violation of important public policy caused emotional harm to the plaintiff.

9

91.    The emotional harm impaired plaintiff's working capacity forcing her to take a medical leave of absence.

92.    Plaintiff lost her employment with the defendant because the defendant failed to provide a reasonable safe workplace.

93.    Defendant wrongfully discharged plaintiff's employment was in violation of Connecticut public policy.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; loss pension/retirement benefits; attorneys' fees; costs; interest; consequential damages; prejudgment interest; statutory punitive damages pursuant to the CFEPA; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 10ᵗʰ day of November, 2021.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

James V. Sabatini

## **STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Sandra Deschamps
**COMPLAINANT**

CHRO No. 2110342

vs.

EEOC No. 16A-2021-00769

Ulta Salon, Cosmetics & Fragrance Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** August 23, 2021

Tanya A. Hughes, Executive Director

Service:
Complainant's counsel: jsabatini@sabatinilaw.com
Respondent's counsel: cdickinson@littler.com

# EXHIBIT B

| DOCKET NO:  HHD-CV21-6149445-S | : | SUPERIOR COURT |
| | : | |
| SANDRA DESCHAMPS, | : | J.D. OF |
| | : | |
| Plaintiff, | : | HARTFORD |
| | : | |
| v. | : | |
| | : | |
| ULTA SALON, COSMETICS & | : | December 9, 2021 |
| FRAGRANCE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ulta Salon, Cosmetics & Fragrance, Inc., today filed a Notice of Removal of this action in the United States District Court for the District of Connecticut.  A copy of said Notice is attached hereto as Exhibit A.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

THE DEFENDANT,
ULTA SALON, COSMETICS & FRAGRANCE, INC.

/s/ Lori B. Alexander
Lori B. Alexander (ct08970)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street
Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
lalexander@littler.com
lrinehart@littler.com

1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2021, a copy of the foregoing was sent via email to all counsel and pro se parties of record as follows:

James V. Sabatini
Sabatini and Associates, LLC
1 Market Square
Newington. CT 06111
jsabatini@sabatinilaw.com

/s/ Lori B. Alexander
Lori B. Alexander

# EXHIBIT  A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **SANDRA DESCHAMPS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.:** |
| **v.** | : | |
| | : | |
| **ULTA SALON, COSMETICS &** | : | **December 9, 2021** |
| **FRAGRANCE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Ulta Salon, Cosmetics & Fragrance, Inc., ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332 (diversity jurisdiction), 1441, and 1446 and removes this action from the State of Connecticut Superior Court, Judicial District of Hartford, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

1.      By Summons and Complaint, Plaintiff Sandra Deschamps ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court titled *Sanda Deschamps v. Ulta Salon, Cosmetics & Fragrance, Inc.,* Docket No. HHD-CV21-6149445-S  (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on Defendant is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

2.      This Notice of Removal is being filed within 30 days of the date Defendant was served with a copy of the Complaint in the Superior Court Action.  28 U.S.C. § 1446(b).

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      The Summons and Complaint state that Plaintiff is, and was at all times relevant to this removal, a citizen of the State of Connecticut.

5.      Defendant is a corporation, incorporated under the laws of Delaware, and its principal place of business is located in Bolingbrook, Illinois.

6.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

7.      Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Hartford.  28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

THE DEFENDANT,
ULTA SALON, COSMETICS & FRAGRANCE,
INC.

*/s/ Lori B. Alexander*
Lori B. Alexander (ct08970)
Lindsay M. Rinehart (ct30921)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
lalexander@littler.com
lrinehart@littler.com

2.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of his filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Lori B. Alexander
Lori B. Alexander

3.